IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALEJANDRO MARTINEZ,** | )( Civil Action No.: 4:21-cv-432 |
| | )( (Jury Trial) |
| *Plaintiff,* | )( |
| | )( |
| **V.** | )( |
| | )( |
| **CITY OF ROSENBERG, TEXAS;** | )( |
| **OFFICER R. CANTU,** *Individually;* | )( |
| **OFFICER R. DONDIEGO,** *Individually;* | )( |
| **OFFICER JOSH MANRIQUEZ,** *Individually;* | )( |
| **OFFICER JEREMY REID,** *Individually;* | )( |
| **OFFICER SHELBY MACHA,** *Individually;* | )( |
| **OFFICER RAMON GALLEGOS,** *Individually; and* | )( |
| **OFFICER EARNEST TORRES,** *Individually;* | )( |
| | )( |
| *Defendants.* | )( |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES Plaintiff Alejandro Martinez complaining of the CITY OF ROSENBERG, TEXAS; OFFICER R. CANTU, *Individually;* OFFICER R. DONDIEGO, *Individually;* OFFICER JOSH MANRIQUEZ, *Individually;* OFFICER JEREMY REID, *Individually;* OFFICER SHELBY MACHA, *Individually;* OFFICER RAMON GALLEGOS, *Individually; and* OFFICER EARNEST TORRES, Individually; and will show the Court the following:

### NUTSHELL

1. Alejandro Martinez was arrested by the defendant Officers and injured by excessive force in the process.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear

Plaintiff's state law claims, if any. Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Fort Bend County, Texas within the United States Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff ALEJANDRO MARTINEZ is a resident of Fort Bend County, Texas.

4. Defendant CITY OF ROSENBERG, TEXAS ("the City") is a municipality organized under the laws of the State of Texas which, as a home-rule municipality and through the City's Charter, has created a police department, the Rosenberg Police Department ("RPD"), through which the City is responsible for the implementation of RPD policies, procedures, practices and customs, as well as the acts and omissions of its police officers, including all of the above and below named police officers. The City can be served with process by serving the City Secretary or Mayor at 2110 4th Street, Rosenberg, TX 77471

5. Defendant OFFICER R. CANTU is sued in his individual capacity and can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

6. Defendant OFFICER R. DONDIEGO is sued in his individual capacity and can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

7. Defendant OFFICER JOSH MANRIQUEZ is sued in his individual capacity and can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

8. Defendant OFFICER JEREMY REID is sued in his individual capacity and can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

9. Defendant OFFICER SHELBY MACHA is sued in his individual capacity and can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

10. Defendant OFFICER RAMON GALLEGOS is sued in his individual capacity and

can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

11. Defendant OFFICER EARNEST TORRES is sued in his individual capacity and can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

12. Defendant OFFICER SHELBY MACHA is sued in his individual capacity and can be served with process at 2120 4th Street, Rosenberg, Texas 77471.

## ADDITIONAL FACTS

13. February 6, 2019 Alejandro Martinez was walking along a street in Rosenberg, Texas. Alejandro Martinez was committing no crimes.

14. Rosenberg police officers R. CANTU, R. DONDIEGO, JOSH MANRIQUEZ, JEREMY REID, SHELBY MACHA, RAMON GALLEGOS, and EARNEST TORRES detained Alejandro Martinez without his consent. All the officers could see and hear what was going on with the officers.

15. Eventually and without valid reason one or more of the officers used force to take Alejandro to the ground. One or more of the officers arrested Alejandro for resisting arrest when he had not resisted arrest.

16. The charges against Alejandro were dismissed without any, fine, jail time, or other obligation required by Alejandro Martinez.

## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

17. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

18. The Fourth Amendments guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. The 14th Amendment allows for due process of law. Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

19. The force used by the individually named defendants, was in great excess to the need to use such force and constituted an Unreasonable Seizure of Plaintiff and violated his due process rights under the 14th and 4th Amendments. The defendants unlawfully forced Alejandro to the ground injuring him in violation of the 4th and 14th Amendments. The defendants severely injured Brian, breaking his jaw and causing other injuries. Additionally, the defendant officers detained Alejandro without reasonable suspicion and arrested him without probable cause. They then maliciously prosecuted him until his case was dismissed.

20. The City of Rosenberg, Texas has a custom, policy, practice, and procedure of using excessive force on individuals and not disciplining or training officers adequately and is therefore liable under 42 U.S.C. Section 1983 and 1988. There is a pattern and practice of excessive force and condoning excessive force. This pattern and practice was ratified by the City of Rosenberg, Texas when the department determined that the officers' actions were consistent with department policy.

## LIABILTY FOR FAILURE TO INTERVENE

21. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

22. A law enforcement officer "who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Although *Hale* most often applies in the context of excessive force claims, this Court recognized that other constitutional violations also may support a theory of bystander liability. *Whitley v. Hanna*, 726 F.3d 631, 646 n. 11 (5th Cir. 2013)(citing *Richie v. Wharton County Sheriff's Dep't Star Team*, No. 12–20014, 2013 WL 616962, at *2 (5th Cir. Feb. 19, 2013)(per curiam) (unpublished)(noting that plaintiff failed to allege facts suggesting that officers "were liable under a theory of bystander liability for

failing to prevent ... other member[s] from committing constitutional violations")). Further, the Second Circuit has stated that "law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994). *See* also, *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)("we believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge."). Thus, officers such as Macik, Dricks, and Santos may be liable under § 1983 under a theory of bystander liability when the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley*, 726 F.3d at 646.

## MENTAL ANGUISH

23. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

24. Alejandro Martinez suffered at least anxiety, fear, anger and depression because of the acts of the individually named defendants and the City of Rosenberg and, therefore, seeks damages for mental anguish past and future as well as the pain and suffering, past and future, and other damages set forth above.

## PUNITIVE DAMAGES

25. Plaintiff incorporates all preceding paragraphs as if set fully herein.

26. The individually named defendants actions and inactions cause them to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscience.

## ATTORNEYS' FEES

27. Plaintiff is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

28. Plaintiff requests a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

    A.    Enter judgment for the plaintiff and against the individual defendants and the City of Rosenberg, Texas holding them jointly and severally liable;

    B.    Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

    C.    Award damages to Plaintiff for the violations of his Constitutional rights;

    D.    Award Pre- and post-judgement interest;

    E.    Award Punitive damages against each and every individually named defendant, and

    F.    Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

Respectfully Submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:    713.783.2677
FAX:    713.893.6737
E-mail:AttorneyKallinen@aol.com
Attorney for Plaintiff